IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ERIC T. ANDERSON,
LISA RICHARDSON,
MMJ LAKE PROPERTIES LLC, and
FORESIGHT BANK,

    Defendants.

Case No. 19-cv-242

**SECOND AMENDED ORDER OF SALE AND ORDER APPOINTING RECEIVER**

WHEREAS, this Court entered an amended default judgment in this action on May 13, 2020 (ECF No. 33) in favor of plaintiff United States and against Eric Anderson and Lisa Richardson and ordering that the real property, subject of the complaint, would be sold by a Receiver so that the federal tax liens associated with Eric Anderson's federal income tax liabilities (for tax years 2003 and 2004) would be enforced by sale of the land, along with all improvements, buildings, and appurtenances thereon, now known as and located at **E6487 836th Avenue, Colfax, Wisconsin, 54730** (the "**Property**").

WHEREAS, equitable ownership in the Property was conveyed to Eric Anderson and Lisa Richardson by Land Contract recorded on July 28, 2016 with the Dunn County Register of Deeds at Document Number 616670. By judgment on September 24, 2019 (ECF Nos. 23 & 29) and amended judgment on May 13, 2020 (ECF No. 33, the Court ordered and adjudged that the

1

federal tax liens subject to the United States' complaint are valid and subsisting liens attaching to the Property, the liens shall be enforced against the Property to satisfy Anderson's liabilities, sold, and the sale proceeds distributed according to the respective interests of the defendants, including MMJ Lake Properties ("MMJ"), Foresight Bank ("Foresight"), and Lisa Richardson ("Richardson").

WHEREAS, defendants MMJ and Foresight consent to the amendment of the Order of Sale and appoint of a Receiver, with the terms set forth below.

WHEREAS, the United States has now moved this Court for entry of this amended Order of Sale and appointment of a Receiver to sell the Property.

IT IS THEREFORE ORDERED that the Property shall be sold pursuant to 26 U.S.C. §§ 7402(a) and 7403(d), in order to collect the Anderson's unpaid federal tax liabilities as follows:

1. **Jill Rassbach of Rassbach Realty LLC** located in Menomonie, Wisconsin, is appointed as a Receiver for the purpose of assisting in the enforcement of the federal tax liens against the Property located in Dunn County, Wisconsin, pursuant to 26 U.S.C. §§ 7402(a) and 7403(d), and is directed to take custody and arrange for the sale of the Property, E6487 836th Avenue, Colfax, Wisconsin, and legally described as "Lot Nineteen (19), The Meadows, Town of Tainter, Dunn County, Wisconsin."

2. The terms and conditions of the sale are as follows:
    a. Jill Rassbach ("the Receiver") is directed to arrange for the sale of the Property free and clear of all rights, titles, claims, liens, and interests of all parties to this action, including the plaintiff United States and the defendants MMJ, Foresight, and Richardson and any successors in interest or transferees of those parties.

b. The sale shall be subject to building lines, if established, all laws, ordinances, and governmental regulations (including building and zoning ordinances) affecting the Property and easements and restrictions of record, if any.

c. *Reserved*

d. *Reserved.*

e. The Receiver shall have the authority to promote and advertise the Property as the Receiver deems appropriate. In particular, the Receiver is authorized to sign and execute the WB-1 Wisconsin Residential Listing Contract and Seller Refusal to Sign Property Condition Report documents as required by the NW MLS in order to submit the listing for sale on the MLS.

f. The Property shall be offered for sale without any right of redemption.

g. The Receiver shall set an initial listing price for the Property and may reduce the listing price as necessary in her judgment. If the Receiver proposes to reduce the listing price on the Property, she shall inform the United States, Foresight, and MMJ and, within seven days of being so informed, any party that objects to the Receiver's proposed reduction may serve and file an objection to the proposed reduction. Any non-objecting party may then file a response to the objection within seven days.

h. *Reserved.*

i. *Reserved.*

j. *Reserved*

k. The sale of the Property shall be subject to confirmation by this Court. On confirmation of the sale, ownership and possession of the Property shall transfer

to the successful bidder(s), and all interests in, liens against, and titles and claims to, the Property that are held or asserted by the parties to this action are discharged and extinguished.

l. The Receiver shall have the authority to arrange for the sale of the Property subject to confirmation by this Court, in any manner approved by the United States. The terms of the purchase agreement shall include the balance of the purchase price paid at closing and shall include an earnest money deposit, in an amount to be approved by the United States, forfeitable upon the purchaser's failure to perform, and to be paid to the United States as liquidated damages.

m. The closing for the Property shall not occur until after the sale for the Property has been confirmed by further order of this Court.

n. The United States will submit a report of the Receiver's progress to the Court every ninety (90) days from the date of this Order until there is a final confirmation of sale.

o. The Receiver will provide a report of sales of comparable property to the Court along with any motion for the confirmation of a sale of the Property.

3. After the confirmation of the sale, at closing, the purchaser or purchasers shall receive a Receiver's Deed to such purchased parcel executed by the Receiver.

4. Up until the date that this Court confirms the sale of the Property, Eric Anderson and Lisa Richardson shall take all reasonable steps necessary to preserve the Property (including all buildings, improvements, fixtures and appurtenances on the Property) in their current condition including, without limitation, maintaining a fire and casualty insurance policy on the Property and Eric Anderson and Lisa Richardson, and all occupants of the

Property shall neither commit waste against the Property nor cause or permit anyone else to do so. All of the defendants in this case shall neither do anything that tends to reduce the value or marketability of the Property nor cause or permit anyone else to do so. Such defendants shall not record any instruments, publish any notice, or take any other action (such as running newspaper advertisements, posting signs, or making internet postings) that may directly or indirectly tend to adversely affect the value of the Property. If any of the Property is destroyed before its sale and Eric Anderson and/or Lisa Richardson is entitled to insurance proceeds, the insurance proceeds shall be paid into the registry of this Court. Violation of this paragraph shall be deemed a contempt of court and punishable as such.

5. The Property is currently vacant as all persons occupying the Property were ordered to vacate the Property permanently within **75 days** of the date of the Court's January 6, 2020 order of sale (ECF No. 25), each taking with them his or her personal property (but leaving all improvements, buildings, fixtures, and appurtenances to the Property). However, if any person is found to occupy the Property and fails or refuses to vacate the Property, the Receiver is authorized to coordinate with the United States and United States Marshal to take all actions that are reasonably necessary to have such persons ejected or excluded. The U.S. Marshals Service is authorized to and directed to take any and all necessary actions, including the use of reasonable force, to enter and remain on the premises, which includes, but is not limited to, the land, the buildings, vehicles, and any structures located thereon, for the purpose of executing this Order. The United States Marshals Service is further authorized and directed to arrest and/or evict from the

premises any and all persons who obstruct, attempt to obstruct, or interfere or attempt to interfere, in any way with the execution of this Order.

6. Any personal property remaining on the Property **75 days** after the Court's January 6, 2020 order of sale (ECF No. 25) is deemed forfeited and abandoned, and the United States, the Receiver, the United States Marshals, or their argents are authorized to dispose of it in any manner they see fit, including sale, in which case the proceeds of the sale are to be applied first to the costs and expenses of sale and the balance shall be held in escrow in a manner consistent with private sales pending distribution pursuant to further order of this Court.

7. Up until the date that this Court confirms the sale of the Property, the Receiver and her representatives are authorized to have free and full access to the Property in order to take any and all actions necessary to preserve the Property, including, but not limited to, retaining a locksmith or other person to change or install locks or other security devices on any part of the Property, arranging for the maintenance of and payment of utilities to the Property if necessary, retaining a lawn maintenance service, advertising the sale of the Property prior to sale, and putting the Property into saleable condition, including making expenditures of funds that are first approved by the United States for reasonable and necessary maintenance and minor improvements.

8. After the Court confirms the sale of the Property, the sale proceeds upon closing should be distributed in the following order of priority:

    a. *First* to the Receiver (a) to be reimbursed for her reasonable and necessary expenditures to protect and preserve the value of the Property that were first approved by the United States; and (b) for commissions in an amount not to

exceed six (6) percent of the gross sale proceeds, to be split with the buyer's agent;

b. *Second*, to Dunn County for any outstanding property taxes on the date of sale, if any, and to any reasonable costs of the sale;

c. *Third*, to MMJ and Foresight, according to the Stipulation of interest between Foresight and MMJ in the amount of $110,362.11 for the balance of their outstanding interests in the Property as of December 1, 2019.

   i. Foresights holds an interest in the Property through the mortgage on the Property (dated March 19, 2008 and recorded with the Dunn County Register of Deeds at Document No. 552164) as the successor in interest to First National Bank of Plainview, and;

   ii. MMJ holds an interest in the Property through the Land Contract on the Property recorded with the Dunn County Register of Deeds at Document No. 616670 between MMJ (as the vendor) and Anderson and Richardson (as the purchasers);

   iii. MMJ and Foresight have agreed, by stipulation and judgment, to the priority of their respective interests in the property (ECF Nos. 8-001, Stipulation; 9, Order Approving Stipulation and Entry of Judgment) and will distribute the balance of the Land Contract as set forth in the Stipulation (i.e. first to pay off the mortgage balance to Foresight with the remainder to be paid to MMJ to satisfy the balance of the Land Contract); and

      *iv.* Upon closing, their share of the proceeds should be made by check payable to "<u>MMJ Lake Properties LLC and Foresight Bank</u>" addressed to "<u>Foresight Bank, Attn: Cassie Harrington, 138 West Broadway, Plainview, MN, 55964</u>";

d. *Fourth,* of the remaining net sale proceeds, fifty percent will be distributed to Lisa Richardson and fifty percent to the United States' by virtue of its federal tax liens associated with the Eric Anderson's federal income tax liabilities for tax years 2003 and 2004 (with a balance of $183,471.17 as of July 31, 2019, including any statutory fees and interest that continue to accrue from that date until fully paid);

      i. The funds due to Lisa Richardson shall be by check and made payable to "<u>Lisa Richardson</u>" and to be transmitted to her at an mailing address to be provided to the United States and included in the filings submitted to this Court to confirm the sale of the Property; and

      ii. The funds due the United States shall be by check and made payable to the "<u>U.S. Department of Justice</u>" and sent by regular mail to "<u>Department of Justice, ATTN: TAXFLU, P.O. Box 310, Ben Franklin Station, Washington, D.C. 20044</u>."

IT IS SO ORDERED:

Dated this 13th day of MAY, 2020

                                                      The Honorable James D. Peterson
                                                      District Judge